IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00401-PAB

MARTHA BRADLEY,

    Plaintiff,

v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendant Cigna Health and Life Insurance Company. Defendant states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 4, ¶ 20.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 4, ¶ 20. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of plaintiff.

The notice of removal states that plaintiff is "an individual, who is a resident of Weld County, Colorado." Docket No. 1 at 1, ¶ 1. The state court complaint similarly alleges that plaintiff is "a resident of Greeley, located in Weld County, Colorado." Docket No. 1-1 at 1, ¶ 1. However, domicile, not residency, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations

2

of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

Because defendant has not sufficiently alleged the citizenship of plaintiff, the Court is unable to determine whether it has subject matter jurisdiction over plaintiff's claim. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted). Therefore, it is

**ORDERED** that, on or before **5:00 p.m. on March 14, 2019**, defendant Cigna Health and Life Insurance Company shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED March 5, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge